UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE CURETON,
*Individually and as surviving
spouse of* ABRAHAM CURETON,

    Plaintiff,

v.                                                                    CASE NO. 14-11741

COMMISSIONER OF                                DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16]; ADOPTING THE REPORT AND RECOMMENDATION [15]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13] AND AFFIRMING THE COMMISSIONER'S DECISION**

    This matter is before the Court on Plaintiff's objections to the magistrate judge's July 16, 2015 report and recommendation. (Docket Nos. 15, 16.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

    The administrative law judge's ("ALJ") findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation and the Court adopts them here. (Report and Recommendation, Dkt. No. 15.)

Mr. Cureton applied for disability insurance benefits (DIB) on April 11, 2006, alleging that he had been disabled since October 27, 2005. (Transcript at 71, 103, 108, Dkt. No. 6.) His claims were denied on June 14, 2006 and he requested a hearing before an ALJ. (Tr. 80, 84.) The hearing was held on January 14, 2008. In a decision dated August 28, 2008, the ALJ determined that Mr. Cureton had not been disabled within the meaning of the Social Security Act at any time from October 27, 2005, through the date of the decision. (Tr. 36-43.)

On June 25, 2009, the appeals council denied Mr. Cureton's request for review of the ALJ's decision. (Tr. 27-29.) Mr. Cureton passed away in 2009. Mr. Cureton's surviving spouse, Plaintiff in this action, having been granted an extension of time by the appeals council, filed with this Court on April 30, 2014. (Dkt. No. 1.) Plaintiff filed a motion for summary judgment on September 19, 2014. (Dkt. No. 10.) Defendant filed a motion for summary judgment on October 15, 2014. (Dkt. No. 13.) The magistrate judge entered a report and recommendation on July 16, 2015, recommending denying Plaintiff's motion for summary judgment. (Dkt. No. 15.) Plaintiff filed objections to the report and recommendation on July 30, 2015, and Defendant filed its response to the objections on July 31, 2015. (Dkt. Nos. 16, 17.)

Plaintiff has two objections to the magistrate judge's report and recommendation. First, that the magistrate judge "erroneously excused the ALJ's failure to consider the effects of Mr. Cureton's obstructive sleep apnea, which was expressly found to represent a 'severe' impairment." (Pl.'s Objections 2.) Second, that the magistrate judge "erred in indicating that a vocational expert's vague testimony as to nonspecific job classifications

2

without accompanying DOT codes was sufficient to satisfy the Commissioner's burden that Mr. Cureton was capable of performing 'other work.'" (Pl.'s Objections 3.)

The Court has reviewed the pleadings, including the ALJ's determination and the record, the magistrate judge's report and recommendation and the objection and response. The Court agrees with the magistrate judge. Substantial evidence existed to support the ALJ's residual functional capacity (RFC). As the magistrate judge points out, Plaintiff has identified no additional limitations related to the sleep apnea which should have been included in the RFC. Further, the ALJ did not err in relying on the vocational expert's testimony to find that there remained a significant number of jobs in the economy that Mr. Cureton could perform.  *See generally Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001) (where the plaintiff's abilities fell somewhere between two exertional ranges of work under the regulatory guidelines for exertional limitations, the ALJ properly based his findings on the vocational expert's testimony); *see also Anderson v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 32 (6th Cir. 2010).

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. No. 16), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. No. 15), DENIES Plaintiff's Motion for Summary Judgment (dkt. No. 10), GRANTS Defendant's Motion for Summary Judgment (dkt. 13) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated:  August 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2015, by electronic and/or ordinary mail.

                                      s/Carol J. Bethel
                                      Case Manager